UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles F. Hibbard,

Petitioner,

v.

Marty Anderson, Warden,

Respondent.

Civil No. 06-2188 (RHK/FLN)

**REPORT AND RECOMMENDATION**

---

Charles F. Hibbard, Pro Se Petitioner.
Chris S. Wilton, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. This Court issued an Order directing the Respondent to Show Cause as to why Petitioner's Writ should not be granted [#3]. Respondent filed a response in opposition to Petitioner's petition [#5]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Petitioner's application be granted in part and denied in part

**I. BACKGROUND**

Petitioner Charles F. Hibbard is currently incarcerated at the Federal Medical Center in Rochester, Minnesota. Petitioner is serving a 130 months sentence and his projected release date is December 2, 2006. Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), challenging the execution of his sentence. Petitioner argues that he is "being denied the six months' pre-release preparation that FMC Rochester has acknowledged in writing that he is

entitled to [and that such] denial violates Eight Circuit Precedent." (Pet. at 2.)

Petitioner alleges that, on January 19, 2006, the Bureau of Prisons ("BOP") stated in its Sentencing Monitoring Computation Data that Petitioner's pre-release preparation date was June 2, 2006, but that the BOP failed to formulate a pre-release preparation plan for Petitioner as required. Petitioner argues that, on May 18, 2006, he was informed by his Case Manager that FMC Rochester had recently revised its policy and his pre-release preparation date was August 9, 2006. Petitioner alleges that, at the time he was informed that his pre-release preparation date was August 9, 2006, he "was out of time for the lengthy half-way house application process to reflect a June 2, 2006, start date" and that, because he was out of time to file the correct application to be released on June 2, 2006, he asked his Case Manager whether he could be released earlier on home confinement. On May 25, 2006, Petitioner was informed by his Case Manager that she would not change his commencement date for pre-release preparation from August 9, 2006. Petitioner argues that, because of the BOP's failure to sentence him to home confinement, he is losing more than nine weeks of his six month pre-release preparation program. Petitioner argues that FMC Rochester has acknowledged in writing that his pre-release preparation date is June 2, 2006, and as there is no impediment to Petitioner's immediate transfer to pre-release preparation, he requests that the Court order Respondent to elect either home confinement or community custody confinement[1] to commence as of June 2, 2006.

Respondent interprets Petitioner's petition as a challenge to the BOP regulations set forth at 28 C.F.R. §§ 570.20 and 570.21. Respondent argues that the petition should be denied because

---

[1] Petitioner is referring to Community Confinement Centers. Community Confinement Centers are currently referred to as Residential Reenty Centers ("RRC") and are commonly known as halfway houses.

the BOP has re-evaluated the petitioner for placement in a RRC without regard to 28 C.F.R. §§ 570.20 and 570.21. In accordance with the Eight Circuit's recent decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir.2006), Respondent recognizes that 28 C.F.R. §§ 570.20 and 570.21 are invalid and the BOP now follows the BOP guidelines that existed before 2002. Respondent argues that, as "a result of the BOP policy change, [Respondent] does not oppose the petition . . . to the extent it seeks BOP reconsideration of the date on which petitioner should be assigned to a RRC without regard to 28 C.F.R. §§ 570.20 and 570.21." (Resp. at 3.) Respondent notes that the BOP has reconsidered Petitioner for placement in an RRC based on the policy in effect prior to 2002, and has determined that Petitioner is eligible for 170 to 180 days of RRC placement. Respondent argues that, although Petitioner has been found to be eligible for 170 to 180 days of RRC placement, there will not be bed space available to accommodate Petitioner in a RRC until August 9, 2006. Therefore, Petitioner's present placement date is scheduled for August 9, 2006, which will provide him with 120 days of RRC placement.

## II. DISCUSSION

### 1. Petitioner is Not Entitled to Placement in a RRC Where There is Not Currently Bed Space Available, Nor Is Petitioner Entitled to Home Confinement in Lieu of RRC Placement.

In the present case, the BOP found Petitioner eligible for between 170 days and 180 days of placement in an RRC. However, there is no available bed space in an RRC until August 9, 2006. The Court is unaware of any authority that would enable the Court to require the BOP to place Petitioner in a RRC that does not have bed space available for him. Likewise, the Court is not aware of any authority that would enable the Court to order the BOP to place Petitioner on home confinement in lieu of RRC placement. Therefore, to the extent that Petitioner is seeking the Court

to order the BOP to place Petitioner in a RRC with no available bed space, the Court recommends that the petition be denied. To the extent that Petitioner is seeking the Court to order the BOP to place Petitioner on home confinement in lieu of placement in an RRC, the Court recommends that the petition be denied. To the extent that Petitioner is seeking reconsideration of the BOP's determination of his RRC eligibility, as required by the Eighth Circuit's ruling in Fults, the Court recommends that the petition be granted.

## III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **GRANTED in part** and **DENIED in part** as follows:

1. To the extent that Petitioner is seeking the Court to order the BOP to place Petitioner in a RRC with no available bed space, the Court recommends that the petition be **DENIED WITH PREJUDICE**.

2. To the extent that Petitioner is seeking the Court to order the BOP to place Petitioner on home confinement in lieu of placement in an RRC, the Court recommends that the petition be **DENIED WITH PREJUDICE**.

3. To the extent that Petitioner is seeking reconsideration of the BOP's determination of his RRC eligibility, as required by the Eighth Circuit's ruling in Fults, the Court recommends that the petition be **GRANTED**.

DATED: August 14, 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 31, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.